### ERIC P. SWENSON & SONS v. COLVIN.

(Circuit Court, D. Connecticut. June 10, 1904.)

No. 535.

1. CONTRACT—ACTION FOR BREACH—JOINING INCONSISTENT CAUSES OF ACTION.

A plaintiff cannot maintain an action to recover damages for breach of a written contract, and also for breach of prior oral representations with respect to the subject-matter of the contract, and made as an inducement thereto.

At Law. On demurrer to complaint.

George E. Beers, for plaintiffs.
Robinson & Robinson, for defendant.

PLATT, District Judge. Section 3 of the complaint sets up prior oral representations, to the effect that the machines mentioned in the contract would be adequate for the business which plaintiffs wished to do. Such representations are plainly merged in the written contract, both in law and by the express terms of the contract itself.

The construction of the contract is not in question. The complaint should begin by setting forth the contract, followed by such breaches thereof as the plaintiffs believe that they can sustain by proof. I see no harm in paragraph 9, except that the word "inadequate" in the fourth line must be stricken out. Plaintiffs may insert in lieu thereof the word "defective," if they see fit. That principle should be adopted throughout the complaint. In other words, having eliminated prior oral representations, let them then cut out all references thereto when framing the breaches of the contract.

If plaintiffs prefer to amend the complaint into an action for deceit, based upon the misrepresentations, and claiming the damages flowing from such deceit, they can do that; but in such case they must surrender all claim under the contract, for it is worse than in-

consistent, it is inherently impossible, to charge that they were cheated into making an unconscionable bargain, and in the same breath try to recover damages for a breach of the bad bargain, plus the results of the broken promises which led them into making the bargain.

From the time of the Refrigerator Case, 63 Conn. 563, 29 Atl. 76, 25 L. R. A. 856, it has been the rule of the state court that two or more causes of action, arising out of the same transaction, may be stated in one count when not "separable from each other by some distinct line of demarcation"; and Form 91 of the practice book is cited as an illustration, which was a suit on a breach of contract to print a book, followed by conversion of the plates; and so Maisenbacker v. Concordia, &c., 71 Conn. 377, 42 Atl. 67, 71 Am. St. Rep. 213, was for breach of contract followed by an assault. I am not aware of any rule, however, which permits the placing in one or in more counts causes of action which are of such a nature that relief upon the one absolutely negatives the possibility of relief upon the other.

To discuss the refrigerator case and its ilk would be very much like painting the lily or gilding refined gold. In such a matter as this I must endeavor, in my humble way, to seek the truth of the case, and to act, so far as in me lies, in such a manner as to promote, under the law as I read it, fair dealing between the parties.

In this situation the story of the deceit would, it is true, include the making of the contract, but the remedy would be afforded for the deceit. In the suit for breach of the contract the story of the deceit must disappear; it would be swallowed by the bargain made with open eyes. At the trial only one case should appear, and under the pleadings I conceive it to be my duty to bring about that result.

The demurrer is sustained, with costs, and the plaintiffs are permitted to reconstruct their pleadings within 30 days, in accordance with the suggestions above outlined.